sociation, institution, or company not authorized for banking purposes, shall be null and void." And it has been properly held that this act could not be evaded by making the note payable to individuals, the corporation claiming as indorsee. We cannot well see how the New York courts could have decided otherwise under this prohibitory law. In the case of New York Fireman Ins. Co. v. Ely, 5 Conn. 560, the supreme court of Connecticut followed the line of decisions previously marked out and defined by the courts of New York. The insurance company in that case was a corporation, chartered by the legislature of New York; and not only was it restricted in its powers by express terms in its charter, but it was also subject to the disabling statute of that state. Its charter being a legislative enactment of New York, it was to be governed in its construction and in the interpretation of its powers by the judicial decisions of the state of its creation. We see nothing in the doctrine of these authorities (cited by the defendant's counsel), to change or vary the principle of law which obtains in, and which in our opinion governs this case. We are satisfied that the notes were purchased by the plaintiff in the prosecution of its legitimate business, and that the transaction was lawful by virtue of the statute of Connecticut, and of the general power contained in the second article of the company's organization, viz., to do all acts connected with or incident to said business, or the prosecution of the same. Judgment will be rendered for the amount of the notes and interest, in favor of the plaintiff.

---

HUMPHRIES (SPRAGGINS v.). See Case No. 13,246.

---

## Case No. 6,873.

### HUMPHRIES v. TENCH.

[2 Cranch, C. C. 337.][1]

Circuit Court, District of Columbia. Oct. Term, 1822.

PETITION FOR FREEDOM — DEPOSITIONS AS EVIDENCE.

Depositions taken in another suit for freedom, by one of the same family. cannot be read in evidence as hearsay respecting the condition of their common ancestor.

Petition for freedom. The defendant offered to read the depositions in a record of Charles county court in Maryland, in a suit for freedom. by one of the same family of negroes, as hearsay, in relation to the common ancestor of that family.

Mr. Key and Mr. Caldwell, for petitioner, objected, and cited 1 Phil. Ev. 190.

Mr. Smith and Mr. Swann, contrà, cited 1 Phil. Ev. 174; Wheat. Dig. p. 153, § 16.

THE COURT (nem. con.) said that the depositions could not be read in evidence, to prove the condition of the ancestor, (Airy.)

Verdict for the petitioner.

---

## Case No. 6,874.

### HUMPHRY v. HARTFORD FIRE INS. CO.

[15 Blatchf. 35.][1]

Circuit Court, N. D. New York. July 2, 1878.

INSURANCE—CONTRACT TO ISSUE POLICY — DAMAGES — CHANGE IN TITLE OF PROPERTY—DEED AS EVIDENCE.

1. A complaint setting up a contract to insure against fire, and to issue a policy in accordance with such contract, and alleging a breach of such contract, and claiming damages for such breach. sets up a legal cause of action; and the plaintiff can recover thereon, at law, the same damages as if he were suing on a policy issued in the form in which it was agreed to be issued.

2. A policy of insurance against fire provided, that, if there should be any change in the title or possession of the property without the consent of the insurer, endorsed on the policy, the policy should be void. In a suit on the policy, the insurer, to sustain such defence, offered in evidence a deed from the insured. covering the property. The deed was acknowledged on the day of its date, but there was no evidence that it had been recorded, nor any evidence of any delivery of the deed or of any possession under it: Held, that it could not be read in evidence.

[This was an action by Walter H. Humphry against the Hartford Fire Insurance Company for damages for breach of contract. At trial, a verdict was rendered for the defendant, and the case is now heard on a motion for a new trial.]

A. M. Bingham, for plaintiff.
William F. Cogswell, for defendants.

BLATCHFORD, Circuit Judge. At the trial, the defendant's counsel asked the court to rule and decide that the plaintiff could not give evidence to sustain the first cause of action stated in the complaint, upon the ground that the same was an equitable cause of action, and could not be brought on the law side of the court; that the same could not be united with the second cause of action; and that it could not be tried before a jury. The court so ruled and decided. The plaintiff then offered testimony to prove such first cause of action. The defendant objected to the allowance of any evidence to prove such first cause of action, for the reasons above stated, and the court sustained the objection, to which decision the plaintiff excepted.

The first count of the complaint sets forth. in substance, that the plaintiff was the owner of a certain mortgage on a mill, for $1,-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]